# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CLUCK-U CORPORATION,** | : | Civil No. 1:11-CV-1295 |
| | : | |
| **Plaintiff,** | : | **(Judge Jones)** |
| | : | |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **DOCSON CONSULTING, LLC,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM OPINION AND ORDER

### I.   Statement of Facts and of the Case.

This case comes before the Court on a motion to strike filed by the *pro se* defendant, (Doc. 13), who has removed this action to federal court. In this motion the *pro se* defendant seeks to strike a motion to remand this matter to state court filed by the plaintiff. Because the defendant misconstrues the purpose served by a motion to strike, this request will be denied.

On July 12, 2011, a man named Keith Dougherty, acting *pro se* in the self-described capacity of a "(single member owner), Docson Consulting, LLC a disregarded entity and sole proprietorship,"(Doc. 1), filed a notice of removal removing a state court action into federal district court. (Id.) Along with this notice of removal Dougherty also filed a document styled as a Motion for Relief from Judgment. (Doc. 4)

The plaintiff in this case, Cluck-U Corporation, has now filed a motion to remand this case to state court, arguing in part that Dougherty is not a named "party" in this matter, as that term is defined by Middle District Local Rule 1.4, and, therefore, is not entitled to remove this action on behalf of defendant, Docson Consulting, LLC, pursuant to 28 U.S.C. §1446(a). (Doc. 8) In order to promptly and fairly address this threshold jurisdictional issue, we have stayed further litigation in this matter, pending resolution of this motion to remand, and have ordered the parties to brief whether this case should be remanded to state court. (Docs. 10 and 12)

In the meanwhile, on August 15, 2011, Dougherty filed a *pro se* pleading, captioned as a motion to strike, which seeks to strike the plaintiff's motion to remand, and invites the Court to litigate the merits of this dispute. (Docs. 13 and 14) A review of this *pro se* pleading suggests that the motion to strike essentially combines arguments which this *pro se* litigant wishes to make directed at two issues: discussing whether the case should be remanded, as well as addressing the ultimate merits of the underlying dispute. (Id.)

Because a motion to strike serves a limited and narrow purpose under federal law, and is disfavored under the law, this motion to strike will be denied without prejudice to Dougherty raising any claims he wishes to present in his response to the pending motion for remand.

## II. Discussion

### A. Rule 12(f), the Legal Standard

Rule 12(f) of the Federal Rules of Civil Procedure governs motions to strike pleadings and provides, in part, that:

> **(f) Motion to Strike.** The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Fed. R.Civ. P. 12(f).

While rulings on motions to strike rest in the sound discretion of the court, Von Bulow v. Von Bulow, 657 F.Supp. 1134, 1146 (S.D.N.Y. 1987), that discretion is guided by certain basic principles. Because striking a pleading is viewed as a drastic remedy, such motions are "generally disfavored." Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (5th Cir. 1982). As one court has aptly observed: "striking a party's pleadings is an extreme measure, and, as a result, . . . '[m]otions to strike under Fed .R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted.' Lunsford v. United States, 570 F.2d 221, 229 (8th Cir.1977) (citing 5 Wright & Miller, Federal Practice and Procedure. Civil § 1380 at 783 (1969)). See also Resolution Trust Corp. v. Gibson, 829 F.Supp. 1103, 1106 (W.D.Mo.1993); 2 James Wm. Moore et al., Moore's Federal Practice § 12.37[1] (3d

ed. 2000)." Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000). In practice, courts should exercise this discretion and strike pleadings only when those pleadings are both "redundant, immaterial, impertinent, or scandalous" and prejudicial to the opposing party. Ruby v. Davis Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001). Moreover, consistent with this sparing approach urged by the courts with respect to motions to strike, those "pleadings" that may be subject to a motion to strike are construed narrowly. Recognizing that briefs are, by their nature, argumentative and sometimes contentious filings, it is generally held that a brief–as opposed to other forms of pleadings– typically will not be considered a "pleading" which is properly the subject of a motion to strike. Hrubec v. National R.R. Passenger Corp., 829 F.Supp. 1502, 1506 (N.D.Ill.,1993), citing Anna Ready Mix, Inc. v. N.E. Pierson Const. Co., 747 F.Supp. 1299, 1303 (S.D.Ill.1990), and Board of Education v. Admiral Heating and Ventilation, Inc., 94 F.R.D. 300, 304 (N.D.Ill.1982).

In this case, upon consideration of the defendant's motion to strike, we find that it is in essence a pleading which opposes remand of this action, and argues the ultimate merits of the defendant's claims. Recognizing that "[m]otions to strike under Fed .R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted," Lunsford v. United States, 570 F.2d 221, 229 (8th Cir.1977), we find that the defendant has not shown that the motion to remand filed by the plaintiff is both

"redundant, immaterial, impertinent, or scandalous" and unfairly prejudicial. <u>Ruby v. Davis Foods, Inc</u>., 269 F.3d 818, 820 (7th Cir. 2001). Therefore, in the exercise of our discretion, <u>Von Bulow v. Von Bulow</u>, 657 F.Supp. 1134, 1146 (S.D.N.Y. 1987), we will deny this motion to strike. However, because we understand the concerns that motivated the defendant to file this pleading, the Court will deny this motion without prejudice to the defendant advancing any of the arguments set forth in this motion in his response to the pending motion for remand.

### III.   Conclusion

Accordingly, for the foregoing reasons, the plaintiff's motion to strike (Doc. 13) , is DENIED without prejudice to the defendant advancing any of the arguments in this motion in his response to the pending motion for remand filed in this action.

So ordered this 18th day of August, 2011.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
