IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CLUCK-U CORP.,** | : | Civil No. 1:11-CV-1295 |
| **Plaintiff,** | : | |
| v. | : | (Judge Jones) |
| **DOCSON CONSULTING, LLC,** | : | (Magistrate Judge Carlson) |
| **Defendant.** | : | |

## MEMORANDUM ORDER

Defendant Docson Consulting LLC, through Keith Dougherty,[1] has filed a motion in the above-captioned action requesting that the Court reconsider its order denying Defendant's motion to strike Plaintiff's motion to remand this action to the Court of Common Pleas of Dauphin County. (Doc. 18) Keith Dougherty filed a brief in support of this motion (Doc. 19), though the legal grounds set forth in the brief are difficult to understand, and do not appear to articulate any legitimate basis for the

---

[1] Keith Dougherty is apparently not an attorney. Mr. Dougherty has represented that he is the sole shareholder of Docson Consulting Corp., and on this basis he appears to believe that he is permitted to represent Docson Consulting in these legal proceedings. Because Plaintiff contends that Mr. Doughterty, a non-lawyer, is not permitted to represent a legal enterprise in these proceedings, Plaintiff has argued that Mr. Dougherty improperly removed this action to federal court in the first instance. Plaintiff has accordingly filed a motion to remand the action to the Court of Common Pleas of Dauphin County. Although Plaintiff has filed a brief in support of this motion, Defendant has not yet filed its brief, and the motion is, therefore, not ripe for disposition.

Court to reconsider its prior order denying Defendant's motion to strike, and directing the parties to brief Plaintiff's motion to remand.

The legal standards that govern motions for reconsideration of prior court rulings are both clear and clearly compelling. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Typically, such a motion should only be granted in three narrowly defined circumstances, where a court finds: (1) that there has been an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a need to correct a clear error of law or prevent manifest injustice. Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 251 (3d Cir. 2010) (citing Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).

In consideration of this narrow standard, it is well-settled that a mere disagreement with the court does not translate into the type of clear error of law which justifies reconsideration of a ruling. Dodge v. Susquehanna Univ., 796 F. Supp. 829, 830 (M.D. Pa. 1992). Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995). Moreover, a motion for reconsideration is not a tool to re-

litigate and reargue issues which have already been considered and disposed of by the court.  Dodge, 796 F. Supp. at 830.

With these stringent standards as our guide, upon review of Defendant's motion and brief, we are unable to discern any legitimate basis upon which to reconsider our prior ruling denying Defendant's motion to strike Plaintiff's motion for remand.  Indeed, and in marked contrast, our initial review of Plaintiff's motion for remand and supporting brief reveals that Plaintiff has made a number of arguments that may warrant – or even compel – the Court to remand this action to state court.  We have, therefore, entered an order directing further briefing on this motion, and Defendant will be required to file its brief in opposition to the motion in accordance with our prior order and the Local Rules of this Court.

Finding no basis to reconsider the Court's prior order denying Defendant's motion to strike, and the Court finding it appropriate to give full consideration to Plaintiff's motion to remand once the motion is fully briefed, IT IS HEREBY ORDERED THAT Defendant's motion for reconsideration is DENIED.

So ordered this 29th day of August, 2011.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge