IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLUCK-U CORPORATION, | : | |
| | : | 1:11-cv-1295 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| DOCSON CONSULTING, LLC, | : | |
| | : | |
| Defendant. | : | |

# MEMORANDUM

**September 13, 2011**

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Martin C. Carlson (Doc. 23), filed on August 30, 2011, which recommends that we grant Plaintiff's Motion to Remand this action to state court (Doc. 8) and that the Defendant's Motion for Summary Judgment (Doc. 4) be dismissed as moot. The Defendant, DOCSON Consulting, LLC ("Docson"), through its single member owner, Keith Dougherty, filed objections to the R&R on August 31, 2011.[1] (Doc. 23). For the reasons set forth below, the Court will adopt

---

[1] The Defendant also filed a submission entitled Motion for Leave to Appeal (Doc. 24) which are essentially additional objections to the R&R and shall be considered as such.

the R&R in its entirety and this case shall be remanded to the Court of Common Pleas of Dauphin County.

## I. STANDARD OF REVIEW

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## II. BACKGROUND

Magistrate Judge Carlson undertakes a full recitation of the circuitous procedural history of this case within his R&R at pages 1 through 4, thus we shall only summarize the procedural history herein for the sake of completeness.

This litigation was initially commenced by Plaintiff Cluck-U Corporation ("Cluck-U") in the Circuit Court for Prince George's County, Maryland. The

complaint raised a series of claims against Docson, including state law claims for breach of contract, unfair competition, trafficking in counterfeit marks and federal law claims for trademark infringement and unfair competition.  Dougherty, acting *pro se* on behalf of Docson, attempted to remove the case to the United States District Court for the District of Maryland, however, that court remanded the case back to Prince George's County.  In its memorandum opinion and order the Maryland District Court observed that Dougherty's *pro se* notice of removal was defective in that it was filed by a non-attorney on behalf of a corporate entity.

Following the remand, the Prince George's County Court entered default judgment against Docson.  On May 9, 2011, Cluck-U transferred the judgment to the Court of Common Pleas of Dauphin County, Pennsylvania, for execution against Docson.  On July 7, 2011, the Dauphin County Sheriff served a writ of execution upon Docson.  Thereafter, on July 12, 2011, Dougherty, once again acting *pro se*[2] on behalf of Docson and apparently undeterred by the Maryland District Court's prior ruling, filed a notice of removal to this Court, styled as "Notice of Removal of Writ of Execution and Motion to Strike Foreign Judgment and Cross Motion for Declaratory Judgment for Slander and Libel for Judgment w/

---

[2] Within his submissions, Dougherty identifies himself as "Keith Dougherty, *pro se*, (single member owner) Docson Consulting LLC a disregarded entity and sole proprietorship registered in Pennsylvania."

Treble Damages as to Defendants Cluck U Corp., JP Haddad & Richard C. Daniels." (Doc. 1).

In response to the notice of removal, Cluck-U filed a Motion to Remand to state court. (Doc. 8). Following full briefing on the Motion, Magistrate Judge Carlson issued the instant R&R, recommending that Motion be granted and that this action be remanded. In particular, Magistrate Judge Carlson finds that Dougherty's removal petition invites this Court to improperly review and reverse the prior remand order entered by the Maryland District Court. *See* 28 U.S.C. § 1447(d) ("[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . ."). Magistrate Judge Carlson also concludes that, just as in the Maryland, Dougherty cannot bring this *pro se* removal petition on behalf of a corporation. *See United States v. Cocivera*, 104 F. 3d 566 (3d Cir. 1996) quoting *Rowland v. California Men's Colony*, 506 U.S. 194, 201-202 (1993)("[i]t has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."). Consistent with this well-settled precedent, Magistrate Judge Carlson notes that a non-lawyer cannot remove a case to federal court on behalf of a corporation. Finally, Magistrate Judge Carlson notes that the *Rooker-Feldman* doctrine prevents this court from reviewing, re-examining and rejecting the Maryland state court

case, which resulted in the judgment that Cluck-U is attempting to enforce against Docson in Pennsylvania. *See Gary v. Braddock Cemetery*, 517 F. 195, 200 (3d Cir. 2008)(the *Rooker-Feldman* doctrine compels federal courts to decline invitations to conduct what amounts to appellate review of state trial court decisions).

### III. DISCUSSION

The Defendant's objections to the R&R, filed by Dougherty, make absolutely no meritorious legal attack on the Magistrate Judge's recommendations, but rather the submission contains disjointed citations to various, inapplicable legal authorities[3] as well as *ad hominem* attacks on the capabilities of Magistrate Judge Carlson.[4]  As such, we shall not address the inarticulate and unavailing arguments contained therein, except to note that we find no cognizable basis to depart from the Magistrate Judge's recommendations.  Simply put, if we did not remand this action to Dauphin County, we would be undermining the rulings made by the Maryland courts that have handled this action.[5]  For the reasons stated above, this

---

[3] Additionally, interestingly, but in a fashion that does not help his case, Dougherty quotes the famous character of Humpty-Dumpty from Lewis Carroll's masterpiece "Through the Looking-Glass."

[4] For example, Dougherty accuses Magistrate Judge of "sleepwalking" through this case. (Doc. 23, p. 10).  We, however, are quite confident that Magistrate Judge Carlson was fully awake when rendering his excellent R&R.

[5] While, for the sake of completeness, we have addressed various reasons to remand this matter, we note that we could have exercised our discretion to remand the action based on the fact that Dougherty's filings on behalf of Docson are a practical nullity, because a corporate

we cannot do.  Accordingly, we shall adopt the R&R in its entirety.  An appropriate Order shall issue.

---

entity, like Docson, cannot be represented by a non-lawyer in federal court.